[Cite as *Fankhauser v. Bucyrus Tourism & Visitors Bur.*, 2026-Ohio-2882.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| KURT FANKHAUSER | Case No. 2026-00180PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| BUCYRUS TOURISM AND VISITORS BUREAU | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) dismiss requester's complaint for lack of subject-matter jurisdiction, and (2) order requester to bear the costs of this case.

## I.      Background

{¶2} Respondent Bucyrus Tourism and Visitor's Bureau is a private, non-profit organization formed to promote tourism to the Bucyrus, Ohio area.[1] *See Req. Evidence, filed Apr. 3, 2026*, p. 11; *Resp. Response to Complaint, filed May 1, 2026*, p. 1.

### A.      The public-records request

{¶3} On April 28, 2025, Requester Kurt Fankhauser made a public-records request to Respondent Bucyrus Tourism and Visitor's Bureau. *Complaint, filed Mar. 3, 2026*, p. 1, 5. That request asked for: "1. Un-redacted Bank Statements including cancelled check images from years 2019-2024. 2. Minutes from your organization from years 2019-2024. 3. Copy of your current and past records retention schedules for years 2019-2024[.]" *Id.*, p. 5. It does not appear that the Bureau provided records or a response to this request.

### B.      Procedural history

---

[1] Articles of Incorporation, The Bucyrus Tourism and Visitors' Bureau, available online at the Ohio Secretary of State's portal, https://businesssearch.ohiosos.gov?=businessDetails/1226600 (last accessed June 4, 2026).

{¶4} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered March 20, 2026*.

## II.   Analysis

### A.   Requester's complaint should be dismissed for lack of subject-matter jurisdiction.

{¶5} On September 4, 2025, the Eighth District Court of Appeals issued a decision in *Martin v. Accel Schools Ohio*, 2025-Ohio-3150 (8th Dist.). The Eighth District held that this court does not have subject-matter jurisdiction to hear a public-records claim against a private entity. *Id*., ¶ 25. Specifically, the Eighth District held that the jurisdictional grant at R.C. 2743.03(A)(3) is plain and unambiguous. *Id*., ¶ 21-22. The plain meaning of that provision confers a limited expansion of this court's jurisdiction to include R.C. 149.43(B) claims against political subdivisions, but not to the same claims against private entities. *Id*., ¶ 23-24. The Eighth District emphasized, however, that private entities may be subject to the Public Records Act, but that the remedy for enforcement of those duties is not the special statutory process in this court. *Id*., ¶ 25.

{¶6} I note that this issue has not been resolved by the Supreme Court of Ohio. I also note that, should this case be appealed, the appeal would likely not proceed in the Eighth District Court of Appeals. R.C. 2743.75(G); *see also State v. Fuller*, 1990 Ohio App. LEXIS 547, at *1-*2 (8th Dist. Feb. 15, 1990) (comparing the persuasive authority of another appellate court with the mandatory authority of Ohio Supreme Court); *State v. Long*, 2023-Ohio-1952, ¶ 29 (10th Dist.) (court declined to follow a decision from another appellate district because courts must follow only the decisions of the Ohio Supreme Court and cases decided in its own appellate district).

{¶7} There is no dispute that the Bureau is a private corporation. See *Req. Ev.,* p. 11; *Resp. Response,* p. 1. Considering the Eighth District's clear holding regarding this court's jurisdiction, I recommend that the court dismiss the complaint against the Bureau for lack of subject-matter jurisdiction. I emphasize, as did the Eighth District, that a private entity can be subject to the Public Records Act.

### B.    Costs.

{¶8} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. I do not specifically find a violation of the Public Records Act in this case due to the threshold jurisdictional issue. I therefore recommend that requester bear the costs of this case.

## III.   Conclusion

{¶9} Based on the above considerations, I recommend that the court:

1)    Dismiss requester's complaint for lack of subject-matter jurisdiction; and

2)    Order requester to bear the costs of this case.

{¶10} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed June 4, 2026**
**Sent to S.C. Reporter 7/27/26**